IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 12-21 Erie
)
JAIME EVERILDO PENA-CORDON )

## MEMORANDUM ORDER

This case was transferred to this District from the United States District Court for the District of Utah. The Defendant was charged by Information with one count of Reentry of a Previously Removed Alien in violation of 8 U.S.C. § 1326. He pled guilty to the charge on October 14, 2010. He was sentenced on the same date as follows: "Time served. The defendant is remanded to ICE for deportation proceedings." Judgment in a Criminal Case, CR 10-753, D.Utah, at 2. As of the date of sentencing Defendant had served 49 days in prison, therefore his "time served" sentence was the equivalent of a 49-day sentence of imprisonment. In addition to imprisonment of time served, Defendant's sentence also included "probation for a term of 60 months." Id. at 3.

Defendant argues that 18 U.S.C. § 3561(a)(3) prohibits a sentence that includes both a term of imprisonment and a term of probation. Section 3561, titled "Sentence of probation," states in pertinent part

> **(a) In general.**-- A defendant who has been found guilty of an offense may be sentenced to a term of probation unless –
> . . .
> **(3)** the defendant is sentenced at the same time to a term of imprisonment for the same or a different offense that is not a petty offense.

18 U.S.C. § 3561(a)(3). Here Defendant's illegal reentry conviction was not a petty offense, it was a Class E felony, to which he received a sentence to a term of imprisonment. Defendant argues that the imposition of the term of probation exceeded the Court's sentencing authority and therefore the term of probation purportedly imposed was not authorized and is void and without legal effect. Def. Obj. 2 (citing United States v. Foster, 514 F.3d 821, 824-25 (8th Cir. 2008); United States v. Ross, 9 F.3d 1182, 1187-88 (7th Cir. 1993); United States v. Green, 735 F.2d 1203, 1206 (9th Cir. 1984); and Black's Law Dictionary 1574 (6th ed. 1990).

There is no dispute that the sentence imposed violates 18 U.S.C. § 3561(a)(3). Defendant was sentenced to a term of imprisonment and thus could not have been sentenced to a term of probation because the "statute precludes the imposition of both probation and straight imprisonment." United States v. Forbes, 172 F.3d 675, 676 (9th Cir. 1999). Furthermore it is apparent that had an appeal been taken that Defendant's sentence would have been vacated and remanded for resentencing.

Despite the apparent invalidity of the portion of Defendant's sentence imposing a term of probation, the fact is that because that sentence was not vacated the Defendant stands before us having committed the instant offense while on probation for his prior illegal reentry conviction. That sentence is final. We do not have the power or authority as the sentencing court on a separate indictment to vacate Defendant's prior final sentence, even one that was imposed in violation of a statute. But that is not what Defendant is asking us to do. We understand Defendant's position as presenting us with the issue of whether the Defendant

*should* be charged with violating a term of probation that was imposed contrary to statute. In other words it is aimed at our sentencing discretion.

Defendant argues that because the Utah District Court did not have the power to impose a term of probation because the Court first sentenced Defendant to a term of imprisonment, the portion of the sentence imposing a term of probation is void. "When a court exceeds its sentencing authority, the sentence is void only as to the excessive portion of it." United States v. Green, 735 F.2d at 1206, citing Kennedy v. United States, 330 F.2d 26, 27 (9th Cir.1964). Defendant thus argues that we should treat his sentence for his prior illegal reentry conviction as a sentence to a term of imprisonment of time served. We agree.

Because Defendant was validly sentenced to a term of imprisonment, we will exercise our discretion and not give effect to the term of probation that was not statutorily authorized. We will treat the imposition of a term of probation imposed at 2:10-CR-00753-001-CW in the District of Utah as void because it violates 18 U.S.C. § 3561(a)(3). Accordingly, we will not find that Defendant violated the federal term of probation at Criminal No. 12-21 Erie.

We reiterate that we understand that we do not have the power or authority to change Defendant's prior sentence; and we are not making a finding that the term of probation is in fact void. We are addressing the issue of what effect this court should give to a sentence imposed in violation of a statute. We think this result is fair because as stated had there been an appeal the sentence would have been vacated. There is no way of knowing what the District Court's sentence would have been on remand. We will not engage in speculation on that point and instead will treat the term of probation portion of Defendant's prior sentence as

void for purposes of the probation violation hearing. Therefore we will not find that Defendant violated his probation and we will not impose a sentence for a violation of his prior probation.

SO ORDERED, this ___16th___ day of May, 2012.

                                       Maurice B. Cohill, Jr.
                                       Senior United States District Court Judge